UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11724-RWZ

MARIA SARMENTO

v.

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration

ORDER

August 13, 2012

ZOBEL, D.J.

The Commissioner seeks amendment of the May 1, 2012 judgment ordering remand of plaintiff's Social Security Disability Insurance claim solely for the calculation of benefits. The motion is denied.

Nearly six years have elapsed since plaintiff's initial claim; another remand would only add to this delay. The ALJ did not make a credibility finding supported by substantial evidence despite two opportunities to do so. Given the ALJ's other findings, this case hinged on credibility alone. Remand for calculation of benefits is appropriate under these limited circumstances. Rohrberg v. Apfel, 26 F.Supp.2d 303, 312 (D. Mass. 2011) (awarding benefits where plaintiff "applied for disability benefits almost five years ago. Further delay would only lengthen what has proven a 'painfully slow process.'") (internal citations omitted). Larlee v. Astrue, 694 F.Supp.2d 80, 87(D. Mass. 2010) ("To remand for a third hearing would only further prolong "what has proven a painfully slow process. Administrative deference does not entitle the Commissioner to endless

opportunities to get it right.") Seavey v. Barnhart, 276 F.3d 1,13 (1st Cir. 2001) ("Secretary is not entitled to adjudicate a case ad infinitum until [she] correctly applies the proper legal standard and gathers evidence to support [her] conclusion")(citing Miller v. Chater, 99 F.3d 972, 978 (10th Cir.1996)).

Moreover, although the First Circuit has not had occasion to consider the "credit-as-true rule," adopted by other circuits, the rule provides that "where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited... the Commissioner must accept, as a matter of law, a claimant's subjective pain testimony if the ALJ fails to articulate sufficient reasons for refusing to credit it." Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009). See also Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir.1987). This rule discourages needless procedural delay, duplication of administrative hearings, and encourages ALJs to make thorough credibility determinations in the first instance.

While it is unclear whether operation of this rule is available here, it nonetheless, along with the excessive administrative delay, informs the use of the court's equitable powers described in Larlee and Seavey to remand without further hearing under the circumstances herein. The motion to remand for further consideration of the merits is denied. The matter is remanded for calculation and award of benefits only.

August 13, 2012                    /s/Rya W. Zobel
       DATE                         RYA W. ZOBEL
                                    UNITED STATES DISTRICT JUDGE