UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11724-RWZ

MARIA SARMENTO

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

MEMORANDUM OF DECISION

June 24, 2013

ZOBEL, D.J.

Plaintiff Maria Sarmento petitions for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant Carolyn W. Colvin, in her official capacity as Acting Commissioner of Social Security ("the Commissioner"),[1] opposes the petition.

I.  **Background**

Sarmento suffered a lower back injury in 2006 while working as a certified nurse's aid.[2] She applied for social security disability benefits, which were finally denied on May 11, 2010. The administrative law judge ("ALJ") who denied Sarmento benefits rejected her testimony that she was subject to ongoing, often severe pain from

---

[1] Colvin is automatically substituted for her predecessor in office, Michael J. Astrue. See Fed. R. Civ. P. 25(d).

[2] My previous order gives more details regarding Sarmento's injury, her medical treatment, and the subsequent administrative proceedings. See Docket # 22.

her injury. However, the ALJ's only explanation for rejecting Sarmento's testimony was that some parts of her medical record did not indicate severe and ongoing pain.

Sarmento filed suit in this court and moved for an order reversing the Commissioner's decision. I allowed her motion, finding that the ALJ's decision was not supported by substantial evidence. Specifically, I held that the ALJ's explanation for rejecting Sarmento's testimony was insufficient as a matter of law. See 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain . . . solely because the available objective medical evidence does not substantiate your statements."); Nguyen v. Chater, 172 F.3d 31, 34-36 (1st Cir. 1999). I therefore reversed the Commissioner's decision and remanded solely for calculation and award of benefits.

The Commissioner moved to amend the judgment, asking me to remand for redetermination of Sarmento's entitlement to benefits rather than just a calculation and award of benefits. I denied the Commissioner's motion. The Commissioner then appealed on both the underlying judgment and the motion to amend that judgment. About two months later, the Commissioner voluntarily dismissed the appeal after the parties agreed to seek an order remanding the case for redetermination of Sarmento's entitlement to benefits. The case was subsequently remanded; and on remand, the Commissioner issued a fully favorable decision finding that Sarmento has been disabled since her injury in 2006.

II.     Analysis

As relevant here, the EAJA provides that a court shall award reasonable

attorney fees to a "prevailing party" in a suit against the United States, including a proceeding for judicial review of agency action, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The party seeking fees must submit an itemized statement showing the time expended by each attorney. Id. § 2412(d)(1)(B).

Sarmento originally sought fees for work performed by two of her attorneys, Raymond J. Kelly and Sarah H. Bohr. The parties subsequently entered into an agreement regarding Kelly's fees. Sarmento now seeks only the fees incurred by Bohr, who represented her in connection with the Commissioner's appeal to the First Circuit and the subsequent negotiated settlement. She requests $6,677.40 for 35.9 hours that Bohr spent in connection with the underlying case; in addition, she requests $2,232.00 for 12 hours that Bohr spent in connection with the fee petition. In both cases, she asserts that Bohr should be compensated at rate of $186.00 per hour.

### A.     Prevailing Party

In opposing the fee petition, the Commissioner first argues that Sarmento was not a "prevailing party" with respect to the First Circuit litigation. She agrees that Sarmento prevailed before me by obtaining an order reversing the denial of benefits. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). However, she argues that Sarmento did not prevail on appeal, because the settlement that the parties agreed to after the Commissioner appealed was less favorable to Sarmento than the judgment I had previously entered. The Commissioner therefore asserts that Sarmento should not be entitled to any fees incurred in opposing the appeal and negotiating a settlement.

That interpretation misconstrues the term "prevailing party." In deciding an EAJA petition, the court does not ask who prevailed at one particular stage of the litigation. Instead, "the EAJA—like other fee shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." Comm'r v. Jean, 496 U.S. 154, 161-62 (1990). As such, the court must "arrive at one conclusion that simultaneously encompasses and accommodates the entire civil action." Saysana v. Gillen, 614 F.3d 1, 5 (1st Cir. 2010) (quoting Dantran, Inc. v. U.S. Dep't of Labor, 246 F.3d 36, 41 (1st Cir. 2001)). The question is whether, at the end of the day, the plaintiff has eventually succeeded on any significant issue in the litigation and thereby obtained some of the benefit she sought by bringing suit. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Here, considering the suit as a whole, Sarmento is clearly a prevailing party. She brought suit to reverse the decision denying her benefits, and she succeeded in that aim. She is therefore entitled to seek fees for all the time her attorneys spent to reach that result, both at the district court level and on appeal.

### B. Substantial Justification

Next, the Commissioner argues that fees are inappropriate because her position was substantially justified. See 28 U.S.C. § 2412(d)(1)(A). She supports that contention only by asserting that her position on appeal was clearly justified, since the parties eventually agreed to adopt that position—that is, to seek a remand for redetermination of Sarmento's entitlement to benefits. But it is not enough for the Commissioner to show that her position on appeal was substantially justified; she must also show that

"the action or failure to act by the agency upon which the civil action is based" was substantially justified. 28 U.S.C. § 2412(d)(2)(D); see also Jean, 496 U.S. 158-59. To quote the First Circuit: "In the present case we can concede that many of the government's litigating positions were reasonable and, hence, 'substantially justified.' The central question facing us, however, is whether the underlying agency action was reasonable." McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1475-76 (1st Cir. 1989).

It is the Commissioner's burden to show that her original action was substantially justified. Saysana, 614 F.3d at 5. She has not even attempted to carry that burden here. Even if she had pressed the issue, it would not avail her. The ALJ's decision to reject Sarmento's testimony about her pain, based solely on some inconsistent evidence in her medical record, was not substantially justified. See 20 C.F.R. § 404.1529(c)(2); Nguyen, 172 F.3d at 34-36.

**C.    Special Circumstances**

Third, the Commissioner argues that special circumstances make the award of fees unjust here. She points out that Sarmento initially opposed remanding her case for a redetermination of entitlement to benefits, but subsequently acceded to that outcome after the appeal was filed. In the Commissioner's eyes, Sarmento should be responsible for her own costs on appeal, because she could have avoided the appeal by simply conceding the issue immediately.

These are not the "special circumstances" that should bar an award of fees under the EAJA. Cf. Priestly v. Astrue, 651 F.3d 410, 413 (4th Cir. 2011) (holding that

"the use of nonadmitted lawyers for brief writing services does not present a 'special circumstance' sufficient to deny a fee award as 'unjust' under the EAJA"). Sarmento was fully entitled to oppose the Commissioner's motion to amend the judgment; she was equally entitled to decide, after the Commissioner appealed, that she was willing to concede the point in order to have the appeal dismissed. Settlement involves some give and take on both sides. The fact that Sarmento settled for an outcome she had previously opposed is not a special circumstance making a fee award unjust here.

### D. Reasonable Hours

Finally, the Commissioner challenges the reasonableness of the hours requested.[3] She presents several examples of entries in Bohr's timesheet that she considers duplicative, or that she finds insufficiently specific and detailed. I have reviewed the challenged entries, and find that Sarmento has carried her burden to show that the claimed number of hours is reasonable for the work performed. I am convinced that Bohr has not billed more than conscientious lawyer should charge for the work performed. See Hensley, 461 U.S. at 434.

In addition, I find that Sarmento has met her burden to show the additional hours Bohr responding to the government's opposition on fees were reasonable and compensable under the EAJA. See Jean, 496 U.S. at 162. I therefore allow the

---

[3] The Commissioner does not challenge the requested billing rate of $186 per hour. Although 28 U.S.C. § 2412(d)(2)(A)(ii) normally bars a billing rate higher than $125 per hour, I find that an increase in the cost of living justifies the higher $186 per hour rate. The $125 limit was set in 1996. See Contract with America Advancement Act of 1996, Pub. L. No. 104-121, § 232(b)(1), 110 Stat. 847, 863. According to the Consumer Price Index (CPI) inflation calculator provided by the federal Bureau of Labor Statistics, $125 in 1996 has the same buying power as $185.58 in June 2013. See Bureau of Labor Statistics, U.S. Dep't of Labor, CPI Inflation Calculator, http://www.bls.gov/data/inflation_calculator.htm (last visited June 20, 2013).

supplemental petition for fees.

### III. Conclusion

Sarmento's amended petition for attorney fees (Docket # 48) is ALLOWED, as is her supplemental petition for fees (Docket # 52). Fees are awarded in the amount of $8,909.40.

Sarmento's original petition for fees (Docket # 41) is DENIED AS MOOT.

|  |  |
|---|---|
| June 24, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |